IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Sara Miles, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    3:05 CV 1023-B |
| | ) |
| Russell County Commission, Russell County, Alabama, Leanne Horne-Jordan, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT, LEEANN HORNE-JORDAN'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW one of the Defendants, LeeAnn Horne-Jordan, by and through counsel, and states the following as her answer to Plaintiff's complaint:

1. This Defendant denies any and all liability that may be alleged in paragraph one of Plaintiff's complaint and demands strict proof thereof.

2. This Defendant admits that this Court has subject matter jurisdiction to adjudicate the allegations in Plaintiff's complaint.

3. This Defendant admits that venue is proper in the United States District Court of the Middle District of Alabama, Eastern Division.

4. This Defendant admits that Sara Miles was an employee of Russell County, and LeeAnn Horne-Jordan was her immediate supervisor. This Defendant denies any and all liability that may be alleged in paragraph 4 of Plaintiff's complaint and demands strict proof thereof.

5. This Defendant admits paragraph 5 of Plaintiff's complaint.

6. This Defendant admits paragraph 6 of Plaintiff's complaint.

7. This Defendant admits paragraph 7 of Plaintiff's complaint.

8. This Defendant denies paragraph 8 of Plaintiff's complaint and states that individual Defendants such as LeeAnn Horne-Jordan are not within the definition of "employer" within the meaning of Title VII. Further, this Defendant states that Plaintiff's Title VII claim against LeeAnn Horne-Jordan must be dismissed because it fails to state a claim upon which relief can be granted.

9. This Defendant denies paragraph 9 of Plaintiff's complaint and demands strict proof thereof.

10. This Defendant denies paragraph 10 of Plaintiff's complaint and demands strict proof thereof.

11. This Defendant admits that she filed an action in federal court for discrimination against Russell County, Russell County Commission, and named county commissioners. This Defendant admits that she was placed on administrative leave.

12. This Defendant admits that Sara Miles was asked to provide an affidavit providing information regarding facts relevant to LeAnn Horne-Jordan's complaint. This Defendant was unaware of the information until Plaintiff left the employment of Russell County. This Defendant denies that Miles provided an affidavit of truthful and accurate information regarding her employment. This Defendant denies that the affidavit was adverse to LeeAnn Horne-Jordan's position in her lawsuit.

13. This Defendant denies paragraph 13 of Plaintiff's complaint and demands strict proof thereof.

14. This Defendant denies paragraph 14 of Plaintiff's complaint and demands strict proof thereof.

15. This Defendant denies paragraph 15 of Plaintiff's complaint and demands strict proof thereof.

16. This Defendant denies count one of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant denies count two of Plaintiff's complaint and demands strict proof thereof.

18. This Defendant denies the "wherefore" paragraph set forth at the end of count two of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

19. This Defendant affirmatively pleads that she is entitled to qualified immunity.

20. This Defendant affirmatively pleads that she is immune from this lawsuit.

21. This Defendant affirmatively pleads that she is not the decision maker or policy maker for Russell County.

22. This Defendant affirmatively pleads that the decision regarding Plaintiff's employment would have been the same, regardless of Plaintiff's first amendment activities.

23. This Defendant affirmatively pleads that Plaintiff's speech was not of public concern.

24. This Defendant affirmatively pleads that her actions were not the proximate cause of Plaintiff's alleged damages.

25. This Defendant affirmatively pleads that she did not have the power to make official decisions and cannot be individually liable.

26. This Defendant affirmatively pleads that any employment action that she may have taken was subject to a meaningful administrative review or oversight by the County commission.

27. This Defendant affirmatively pleads that Plaintiff's speech, even if a matter of public concern, was not outweighed by the government's legitimate interest of legitimate public service.

28. This Defendant affirmatively pleads that Plaintiff's alleged speech did not play a substantial part in the challenged employment decision.

29. This Defendant affirmatively pleads that Plaintiff's employment would have been terminated in the absence of any protected speech.

30. This Defendant affirmatively pleads that a policy or custom of Russell County was not the proximate cause of Plaintiff's alleged injury or damage.

31. This Defendant affirmatively pleads that Plaintiff's employment was terminated for a legitimate, non-retaliatory or non-discriminatory reason.

32. This Defendant affirmatively pleads that any adverse employment action was not causally related to protected expression.

33. This Defendant affirmatively pleads that she did not have a retaliatory intent toward Plaintiff.

34. This Defendant affirmatively pleads that Plaintiff is not entitled to front pay or back pay.

35. This Defendant affirmatively pleads that Plaintiff has not alleged a policy or custom of Russell County was the proximate cause of her alleged damages.

36. This Defendant affirmatively pleads that Plaintiff is not entitled to receive punitive damages.

37. This Defendant affirmatively pleads that any damages awarded in this case are governed, limited, or barred by statute.

38. This Defendant affirmatively pleads that if punitive damages are awarded in this case, it will violate this Defendant's constitutional rights.

39. This Defendant affirmatively pleads that Plaintiff failed to exhaust her administrative remedies in Russell County.

40. This Defendant affirmatively pleads that she is entitled to qualified, substantive, legislative, and Eleventh Amendment immunity.


    /s/ Rick A. Howard  
Rick A. Howard (HOW045)  
April M. Willis (WIL034)  
Attorneys for LeeAnn Horne-Jordan

OF COUNSEL:  
Nix Holtsford Gilliland Higgins & Hitson, P.C.  
Post Office Box 4128  
Montgomery, Alabama  36101-4128  
(334) 215-8585  
(334) 215-7101 - facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served a copy of the foregoing by placing a copy of the same in the United States Mail, properly addressed and postage prepaid upon:

Glen M. Connor, Esq.
Whatley Drake LLC
Post Office Box 10647
Birmingham, Alabama  35202

James R. McKoon, Jr., Esq.
McKoon & Thomas
P.O. Box 3220
Phenix City, AL 36868-3220


on this the 10th day of November, 2005.


                                                  /s/ Rick A. Howard
                                                OF COUNSEL