IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Sara Miles, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05CV 1023-B |
| | ) | |
| Russell County Commission, Russell County, Alabama, Leanne Horne-Jordan, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, LEANNE HORNE-JORDAN'S MOTION TO DISMISS
TITLE VII CLAIMS**

COMES NOW the individual Defendant, Leanne Horne-Jordan, and moves the court to dismiss the Title VII claim against her in her individual capacity. In support of her motion to dismiss, Leanne Horne-Jordan states as follows:

1. Count I in Plaintiff's complaint alleges that "Defendants" retaliated against Plaintiff by wrongfully terminating her employment on or about November 5, 2004 in violation of the anti-retaliation provisions of Title VII. (Plaintiff's Complaint ¶ 17).

2. Plaintiff's complaint does not limit the Title VII claim to the corporate Defendants, Russell County Commission or Russell County, Alabama.

3. Because Count I of Plaintiff's complaint is against Leanne Horne-Jordan in her individual capacity for violation of Title VII, Leanne Horne-Jordan moves the court to dismiss all claims against her pursuant to Title VII of the Civil Rights Act.

1

4. In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacities suits under Title VII are...inappropriate"). Title VII defines "employer" as "a person engaged in an industry effecting commerce who has 15 or more employees... and any agent of such person." 42 U.S.C. §2000e(b). The Eleventh Circuit has established that the reference to an employer's agent serves to establish respondeat superior liability and not individual liability. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

5. Because individual suits pursuant to Title VII of the Civil Rights Act are "inappropriate", the individual Defendant, Leanne Horne-Jordan moves the court to dismiss the Title VII claim against her.

WHEREFORE, because the Eleventh Circuit does not recognize individual claims pursuant to Title VII of the Civil Rights Act, Leanne Horne-Jordan moves the court to dismiss the Title VII claim against her in the individual capacity.

  /s/ Rick A. Howard
Rick A. Howard (HOW045)
April M. Willis (WIL034)
Attorneys for LeeAnn Horne-Jordan

OF COUNSEL:
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama  36101-4128
(334) 215-8585
(334) 215-7101 - facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing by placing a copy of the same in the United States Mail, properly addressed and postage prepaid upon:

Glen M. Connor, Esq.
Whatley Drake LLC
Post Office Box 10647
Birmingham, Alabama  35202

James R. McKoon, Jr., Esq.
McKoon & Thomas
P.O. Box 3220
Phenix City, AL 36868-3220


on this the 10th day of November, 2005.


                                                /s/ Rick A. Howard
                                                OF COUNSEL