IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARA MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:05 CV 1023-B |
| | ) |
| RUSSELL COUNTY | ) |
| COMMISSION, RUSSELL | ) |
| COUNTY, ALABAMA, LEANN | ) |
| HORNE-JORDAN, | ) |
| | ) |
| Defendants. | ) |

## <u>*ANSWER*</u>

Come now the Defendants, Russell County Commission and Russell

County, Alabama and answer Plaintiff's Complaint as follows:

1.    The Defendants deny any and all liability that may be alleged in

Paragraph 1 of Plaintiff's Complaint and demand strict proof

thereof.

2.    The Defendants admit that this Court has subject matter

jurisdiction to adjudicate the allegations in Plaintiff's

Complaint.

3.    The Defendants admit that venue is proper in the United States

District Court of the Middle District of Alabama, Eastern

Division.

4.    The Defendants admit that Sara Miles was an employee of Russell County and that Leann Horne-Jordan was her immediate supervisor.

5.    The Defendant, Russell County Commission, admits that it is the duly elected governing body of Russell County existing under the laws of the State of Alabama.

6.    The Defendant, Russell County, Alabama, admits that it is a local governmental subdivision and body corporate pursuant to Section 11-1-2, Code of Alabama, 1975, as amended, existing under the laws of the State of Alabama.

7.    The Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    The Defendants have previously admitted that Plaintiff was an employee of Russell County and the legal status of the Defendants as set forth in Paragraphs 5 and 6 above.

9.    The Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.   The Defendants have previously admitted that Sara Miles was an employee of Russell County.  The remaining allegations of

Paragraph 10 of Plaintiff's Complaint are denied and the Defendants demand strict proof thereof.

11. The Defendants admit that they were sued by Leann Horne-Jordan and that there were other named Defendants. The Defendants admit that Leann Horne-Jordan was subsequently placed on administrative leave.

12. The Defendants admit that Plaintiff provided an affidavit as alleged in Paragraph 12 of Plaintiff's Complaint. Plaintiff has not provided a copy of said affidavit for review by Defendants. The Defendants do not have a copy of said affidavit in their possession and therefore are unable to provide further answer without reviewing a copy of the same. Therefore, Defendants deny each and every other material allegation of Paragraph 12 of Plaintiff's Complaint at this time and demand strict proof thereof.

13. The Defendants admit that Leann Horne-Jordan returned to her position as County Administrator. The remaining allegations of Paragraph 13 of Plaintiff's Complaint are denied and Defendants demand strict proof thereof.

14.    The Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.    The Defendants admit that Plaintiff was terminated from her employment on or about November 5, 2004.  Plaintiff had been counseled on several occasions prior to her termination about her employment performance.  Plaintiff was escorted from the office by a Deputy Sheriff.

16.    The Defendants re-allege their prior answers to Paragraphs 1 through 15 as if fully set out herein.

17.    The Defendants deny each and every allegation of Paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18.    The Defendants deny each and every allegation of Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19.    The Defendants admit that the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Russell County Commission.  The Defendants admit that the EEOC issued a dismissal and notice of suit rights.  The remaining allegations of Paragraph 19 of Plaintiff's Complaint are denied and Defendants demand strict proof thereof.

20.    The Defendants deny allegations of Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.    The Defendants re-allege their prior answers to Paragraphs 1 through 15 as if fully set out herein.

22.    The Defendants deny the allegations of Paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

23.    The Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24.    The Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25.    The Defendants deny each and every remaining allegation and entitlement or prayer for relief plead by the Plaintiff and demand strict proof thereof.

### *AFFIRMATIVE DEFENSES*

26.    These Defendants affirmatively plead that they are entitled to governmental immunity and limitation of liability.

27.    These Defendants affirmatively plead that they are entitled to qualified immunity.

28.  These Defendants affirmatively plead that Plaintiff was terminated from her job for legitimate non-discriminatory reasons.

29.  These Defendants affirmatively plead that Plaintiff's first amendment rights were not violated and that she was not terminated from her job for any protected speech, nor was Plaintiff's employment terminated for the exercise of protected speech.

30.  These Defendants affirmatively plead that Plaintiff's termination from employment was not for any retaliatory purpose.

31.  These Defendants affirmatively plead sovereign immunity.

32.  These Defendants affirmatively plead privilege.

33.  These Defendants assert the defense of qualified immunity, privilege, absolute immunity and good faith immunity.

34.  These Defendants affirmatively deny any and all alleged claims by the Plaintiff concerning alleged deprivation of rights.

35.  These Defendants assert and plead sovereign immunity as provided by the Alabama Constitution 1901, Section 14.

36.    These Defendants affirmatively plead that the Plaintiff failed to exhaust her administrative remedies prior to the filing of her Complaint by withdrawing her request for a personnel board hearing and failing to have her Complaint heard by said board.

/s/James R. McKoon, Jr.
_____
JAMES R. McKOON, JR. (MCK020)
Attorney for Defendants
Russell County Commission and
Russell County, Alabama
P. O. Box 3220
Phenix City, Alabama  36868-3220
(334) 297-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon the following attorneys of record by placing a true copy of same in the United States Mail, postage prepaid, and addressed to them as follows:

Glenn M. Connor
Ashley L. McDavid
Whatley Drake, LLC
P. O. Box 10647
Birmingham, Alabama  35202-0647

Rick A. Howard
April M. Willis
Nix Holtsford Gilliland Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, Alabama  36101-4128

This 22nd day of November, 2005.

/s/James R. McKoon, Jr.
_____
OF COUNSEL

PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com