IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SARA MILES, ) | |
| ) | |
| Plaintiff, ) | Jury Demand |
| ) | |
| vs. ) | Case No. 3:05 CV 1023-T |
| ) | |
| RUSSELL COUNTY COMMISSION; ) | |
| RUSSELL COUNTY, ALABAMA; and ) | |
| LEANN HORNE-JORDAN, Individually ) | |
| and in her official capacity as County ) | |
| Administrator for Russell County, ) | |
| Alabama, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 for retaliatory discharge, and pursuant to 42 U.S.C. § 1983 for unlawful and retaliatory discharge in violation of her constitutional rights guaranteed under the First Amendment of the United States Constitution.

2. Subject matter jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This action is brought within the State and where the unlawful unemployment practices were committed, making venue proper under 42 U.S.C. § 2000(e)-5(f)(3) and 28 U.S.C. § 1391(b).

### The Parties

4.  Sara Miles ("Miles" or "Plaintiff") is a citizen of the United States and the State of Alabama. Miles was an employee of the Defendants, the Russell County Commission ("Commission") and Russell County ("County"), within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. Miles' immediate supervisor was Defendant LeAnn Horne-Jordan ("Horne-Jordan").

5.  Defendant Russell County Commission is a governmental entity existing under the laws of the State of Alabama.

6.  Defendant Russell County is a governmental entity existing under the laws of the State of Alabama.

7.  Defendant LeAnn Horne-Jordan was employed as County Administrator for Russell County and the Russell County Commission and was the direct supervisor to Plaintiff.

8.  Defendants are employers within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto, and a public employer within the meaning of section 1983.

### The Facts

9.  Plaintiff Sara Miles has been retaliated against and wrongfully discharged by Defendants for exercising federally protected statutory and constitutional rights.

10. Plaintiff was hired by Defendants in February of 2002 as an administrative assistant to Horne-Jordan. Plaintiff was very capable and competent and performed the

duties and responsibilities of this position in a manner that was acceptable to Defendants.

11. In 2003, Horne-Jordan filed an action in federal court for discrimination pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1983, and 1985-86 against Russell County, the Russell County Commission and named county commissioners. Horne-Jordan was subsequently placed on paid administrative leave.

12. As part of the investigation of Horne-Jordan's allegations in her lawsuit, Miles was asked to provide an affidavit giving information and testimony regarding facts relevant to Horne-Jordan's complaint. Miles provided an affidavit and gave truthful and accurate information regarding her employment. The information in this affidavit was adverse to Horne-Jordan's position in her lawsuit.

13. Horne-Jordan eventually returned to her position as County Administrator. Horne-Jordan began to retaliate against Plaintiff for providing information and testimony in the investigation of Horne-Jordan's claims which were not in support of Horne-Jordan's allegations. Horne-Jordan harassed, intimidated, and fabricated information about Miles and refused to provide Miles with necessary equipment to properly perform the functions of her job in an effort to terminate Miles and/or force her to quit her job.

14. Plaintiff reported this malicious behavior to members of the County Commission and attorneys for Russell County. However, nothing was done to alleviate this problem.

15. Plaintiff was terminated from her employment on or about November 5, 2004. She was given no explanation for this termination except that she was no longer needed. Miles was escorted out of the building by a deputy sheriff.

## **COUNT I**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as is fully set out herein.

17. As a proximate consequence of Plaintiff's participation in the lawsuit by Horne-Jordan against Russell County, the Russell County Commission and named county commissioners, the Defendants, Russell County Commission and Russell County, retaliated against Miles by wrongfully terminating her employment on or about November 5, 2004, in violation of the anti-retaliation provisions of Title VII.

18. These actions were taken with malice and/or reckless indifference to Miles' federally protected rights.

19. Miles has satisfied all administrative prerequisites to bringing this claim.

   a. Miles timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Commission.

   b. On July 29, 2005, the EEOC issued a Dismissal and Notice of Suit Rights. This complaint was filed within ninety (90) days of receipt of that notice.

4

20. As a proximate result of Defendants' conduct, Miles has suffered, and will continue to suffer pecuniary losses, including loss of back-pay and benefits, non-pecuniary losses such as mental anguish and emotional distress, and other damages.

## COUNT II

21. Plaintiff incorporates by reference paragraphs 1 through 15 as is fully set out herein.

22. As a proximate consequence for exercising her First Amendment Constitutional Rights during the investigation of the lawsuit by Horne-Jordan against Russell County, the Russell County Commission and named county commissioner, the Defendants unlawfully terminated Plaintiff from her position as administrative assistant in violation of 42 U.S.C. § 1983.

23. Defendants have wrongfully and unlawfully deprived Plaintiff of her rights, privileges, and immunities secured by the United States Constitution.

24. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' conduct violating her First Amendment rights guaranteed by the First Amendment including pecuniary losses such as front-pay, back-pay and benefits, and non-pecuniary losses such as mental anguish and emotional distress, as well as other damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

    a. Grant Plaintiff a declaratory judgment that the practices complained herein are in violation of the provisions of Title VII of

       the Civil Rights Act of 1964 and the 1991 amendments thereto, and 42 U.S.C. § 1983;

b.    Grant Plaintiff an Order enjoining Defendants and all persons acting in concert with Defendants from retaliating against persons who exercise rights protected by Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto, and 42 U.S.C. § 1983;

c.    Grant Plaintiff the appropriate amount of front-pay, back-pay, damages, and benefits in the amount she would have earned but for the unlawful and retaliatory practices of the Defendants;

d.    Grant Plaintiff an award of compensatory damages against all Defendants and punitive damages against Horne-Jordan individually;

e.    Award Plaintiff her costs and expenses, including an award of reasonable attorneys' fees; and

f.    Award such other relief as may be appropriate.

                                     /s/ Ashley L. McDavid
                                       ASB-0230-S77L

OF COUNSEL:
Glen M. Connor
Whatley Drake, LLC
Post Office Box 10647
Birmingham, AL 35202-0647
(205) 328-9576; (205) 328-9669 (fax)

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

               /s/Ashley L. McDavid

## CERTIFICATE OF SERVICE

 I hereby certify that on December 12, 2005Dec 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rick A. Howard, Esq.
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL  36101-4128

James R. McKoon, Jr., Esq.
McKoon & Thomas
P.O. Box 3220
Phenix City, AL  36868-3220

               /s/ Ashley L. McDavid
               Of Counsel