IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARA MILES, | ) |
| Plaintiff, | ) |
| v. | ) 3:05 CV 1023-B |
| RUSSELL COUNTY COMMISSION, RUSSELL COUNTY, ALABAMA, LEANNE HORNE-JORDAN, | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION FOR ENTRY OF HIPAA ORDER**

COMES NOW the Defendant, by and through counsel, and respectfully requests this Honorable Court to sign and enter the attached HIPAA Order in this case. Said Order is necessary so that the Defendant may obtain mental health records which are relevant and material to the claims asserted against the Defendant by the Plaintiff in this case.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to sign and enter the attached HIPAA Order so that the Defendant may utilize said order to begin discovery of relevant and material medical information with respect to the Plaintiff.

Respectfully submitted this the 15th day of June, 2006.

/s/ Rick A. Howard
RICK A. HOWARD (RAH045)
Attorney for Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Glen M. Connor, Esq.
Whatley Drake LLC
Post Office Box 10647
Birmingham, Alabama  35202

James R. McKoon, Jr., Esq.
McKoon & Thomas
P.O. Box 3220
Phenix City, AL 36868-3220

by placing same in the United States Mail, postage prepaid, on this the 15th day of June, 2006.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARA MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:05 CV 1023-B |
| ) | |
| RUSSELL COUNTY COMMISSION, ) | |
| RUSSELL COUNTY, ALABAMA, ) | |
| LEANNE HORNE-JORDAN, ) | |
| ) | |
| Defendants. ) | |

## HIPAA ORDER

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any Individual who is a party to this case, or of any decedent or other real party in interest represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such Individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to the lawsuit may request an interview with any health care providers, health plan administrators, or other Individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other Individual may grant or deny a request for an interview.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug

addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted diseases.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and copies hereof containing Protected Health Information received by them pursuant to this Order.

Done this _____ day of _____, 2006.

_____
PRESIDING JUDGE
U.S. DISTRICT COURT JUDGE